J-A27023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA SHANE MILLER | : | |
| | : | |
| Appellant | : | No. 473 MDA 2024 |

Appeal from the PCRA Order Entered March 26, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001682-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA SHANE MILLER | : | |
| | : | |
| Appellant | : | No. 474 MDA 2024 |

Appeal from the PCRA Order Entered March 26, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001161-2017

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED: FEBRUARY 25, 2025**

In these consolidated appeals, Joshua Shane Miller appeals from order denying his first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm the PCRA court's dismissal of Miller's petition but vacate his judgment of sentence and remand for the trial court to correct its sentencing order.

Miller was originally charged with crimes at two separate dockets. At his preliminary hearing, he agreed to waive his right to a trial and enter a plea on one charge. He then decided to go to trial on that charge. The Commonwealth reinstated the charges at both dockets. Ultimately, on October 24, 2017, Miller pled guilty at two dockets: At No. CP-40-CR-0001682-2013, Miller pled guilty to one count of a firearm violation (gun case), and at No. CP-40-CR-000161-2017, Miller pled guilty to one count of possession of a controlled substance by an inmate (drug case). That same day, the trial court sentenced Miller to an aggregate term of 48 to 96 months of imprisonment. Miller filed neither a post-sentence motion nor a direct appeal.

On April 6, 2018, Miller filed a *pro se* PCRA petition listing both docket numbers. The PCRA court appointed counsel, who filed a supplemental petition. On March 26, 2019, the court held an evidentiary hearing at which Miller, his mother, and plea counsel testified. By order entered March 26, 2019, the PCRA court denied Miller's petition. On April 2, 2019, PCRA counsel filed a single notice of appeal listing both dockets, as well as a motion for the appointment of substitute counsel. The PCRA court appointed new counsel, who subsequently filed a "No merit/**Turner Finley** Brief" and application to withdraw with this Court.[1]

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On January 16, 2020, this Court quashed the appeal and denied counsel's motion to withdraw as moot because Miller's single notice of appeal listing both docket numbers violated our Supreme Court's ruling in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Commonwealth v. Miller**, 226 A.3d 639 (Pa. Super. 2020) (non-precedential decision). Miller did not seek further review.

Instead, on March 4, 2020, Miller filed a second *pro se* PCRA petition, in which he raised several claims of PCRA counsel's ineffectiveness, including a claim that counsel failed to properly comply with **Walker**, **supra**. Additionally, he filed a petition to withdraw his guilty plea *nunc pro tunc* on May 6, 2020, which the PCRA court treated as another PCRA petition.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss both of Miller's petitions without a hearing because they were untimely and otherwise did not warrant post-conviction relief. Miller filed a response, alleging, *inter alia*, that the PCRA court had improperly advised him of his appeal rights in light of **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019). On December 30, 2021, the PCRA denied Miller's petitions. Miller then filed two separate notices of appeal.

After determining that these appeals were timely filed, this Court first found that PCRA counsel's failure to comply with **Walker** constituted ineffectiveness *per se* and, therefore, Miller's second petition met a timeliness exception to the PCRA. **See Commonwealth v. Miller**, 305 A.3d 1025, at * 5-6 (Pa. Super. 2023) (nonprecedential decision) (citing **Commonwealth v.**

- 3 -

***Peterson***, 192 A.3d 1123 (Pa. 2018)). We therefore reversed the PCRA court's order denying Miller post-conviction relief and remanded for the appointment of new counsel to address Miller's "rights and claims." ***See id.***

Following our remand, the PCRA court appointed current counsel and ultimately reinstated Miller's right to appeal the denial of his first PCRA petition. Both Miller and the PCRA court have complied with Pa.R.A.P. 1925.

Miller raises the following three issues on appeal:

1. Whether the [PCRA] court erred in denying [Miller's] PCRA petition where [Miller] established all factors of ineffective assistance of counsel to support his claim – specifically, [pretrial and plea counsel were] ineffective as related to the waiver of his preliminary hearing, the agreement arising from the preliminary hearing, and the subsequent amendment of charges following the preliminary hearing?

2. Whether the [PCRA] court erred in denying [Miller's] PCRA petition regarding his claims of ineffective assistance of counsel related to the failure by [plea] counsel to properly prepare for trial?

3. Whether the [PCRA] court erred in denying [Miller's] PCRA petition regarding his claims of ineffective assistance of counsel related to his guilty plea?

Miller's Brief at 3.

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

- 4 -

Regarding a claim that counsel was ineffective:

> It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

***Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

In his first ineffectiveness claim, Miller asserts that counsel who represented him at the preliminary hearing was ineffective "either by failing to memorialize the specific terms of the agreement between [Miller] and the Commonwealth that resulted in the waiver of the preliminary hearing" or, if no agreement existed, by "failing to adequately explain" to Miller "the implications of the waiver of the preliminary hearing" and the possibility that the Commonwealth could later seek to reinstate the withdrawn charges if he decided to go to trial. Miller's Brief at 6. This claim merits no relief.

At the March 2019 evidentiary hearing, Miller testified regarding his understanding of an agreement that his counsel and the Commonwealth arrived at in exchange for his waiving the right to a preliminary hearing. According to Miller, the Commonwealth agreed to allow Miller to go to trial on

the gun charge and the Commonwealth agreed to withdraw all other charges.[2]
For its part, the Commonwealth contended that the withdraw of the other
charges was contingent on Miller entering a guilty plea to the gun charge.
Once Miller decided to go to trial on the gun charge, the Commonwealth could
seek to reinstate those other charges.

The PCRA court found that Miller's claim regarding preliminary hearing
counsel was "wholly without merit" because Miller failed to prove that he was
prejudiced by any alleged errors. PCRA Court opinion, 6/4/24, at 4. The court
explained that when Miller elected to go to trial on the gun case, the
preliminary hearing plea deal was off and the Commonwealth was free to
reinstate the other charges:

> Here, the Commonwealth merely sought to reinstate
> charges which were filed in the original complaint but were later
> withdrawn as part of a plea agreement. A plea agreement which
> the Commonwealth then alleged that [Miller] breached by
> pursuing his right to a trial. No new facts were alleged, and no
> new charges were brought against [Miller] by the way of the then
> proposed amendment. We granted the Commonwealth's request
> to amend the information to reinstate the previously withdrawn
> charges. [Miller's plea] counsel could not have prevented the
> Commonwealth from amending the information, and accordingly
> [Miller] cannot demonstrate that he was prejudiced by [plea]
> counsel's failure to act. Moreover, nowhere in the record is there
> evidence that the Commonwealth would agree to permanently
> withdraw charges in exchange for a waiver of the preliminary
> hearing. [Miller's] allegation of error which suggests that
> [preliminary hearing] counsel could have, or should have,
> memorialized an agreement that the Commonwealth never in fact

---

[2] Miller's mother corroborated Miller's claims.

agreed to is likewise meritless for failure to demonstrate prejudice.

Nor can [Miller] demonstrate that he was prejudiced by waiving the preliminary hearing. He entered a guilty plea and admitted to the factual basis for that plea which included facts that would have, at a minimum[,] established a prima [facie] case for the [gun charge]. Furthermore, [Miller pled] guilty to the very charge he waived to court at the time he waived his preliminary hearing. The charges which he sought to have withdrawn by the Commonwealth were, in fact, withdrawn by the Commonwealth [in return for his plea]. Because [Miller] cannot prove prejudice, his PCRA claim at this point fails.

PCRA Court Opinion, 6/4/24, at 5-6.

Our review of the record supports the PCRA court's conclusions. We cannot disturb the PCRA court's credibility determinations. *See* ***Commonwealth v. Harmon***, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Moreover, claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum. ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981). Given the court's comments cited above, the court disbelieved Miller's self-serving statements about any agreement reached between the parties at the preliminary hearing. Additionally, Miller did not call pretrial hearing counsel as a witness or attempt to present any type of affidavit from counsel. Thus, as Miller failed to meet his burden, his first ineffectiveness claim fails.

In his second issue, Miller contends that the PCRA court erred in denying his claims of ineffective assistance of plea counsel related to counsel's preparation for trial. According to Miller, plea counsel:

> was ineffective in failing to adequately prepare for trial, including but not limited to, failing to subpoena or otherwise prepare witnesses on behalf of the defense, failing to seek exculpatory [evidence] or to challenge the admission of evidence by the Commonwealth through pretrial motions and in failing to address a potential conflict of interest at the time of trial.

Miller's Brief at 6-7.

The PCRA court found that Miller did not meet his burden regarding the failure to subpoena witnesses and otherwise failed to establish his other claims regarding preparation for trial. The court explained:

> At the PCRA hearing [Miller] testified that Nicolette Hadvance and Benjamin McNeal would have testified that [Miller] did not have a firearm. Neither of these witnesses offered testimony at the PCRA hearing. [Miller's] own self-serving testimony about what he believes some witness might have said does not amount to prejudice sufficient to grant him PCRA relief. The same is true for the pre-trial motions [Miller] sought. At the PCRA hearing [Miller] said that he wanted to file a habeas or omnibus motion, but he never told this court to what end such motions would have been filed. Because we cannot determine what, if any, prejudice he suffered by the absence of these witnesses and pre-trial motions, his claim for PCRA relief fails.

PCRA Court Opinion, 6/4/24, at 6-7 (citation and excess capitalization omitted).

Once again our review of the record supports the PCRA court's conclusions. Miller cannot meet his burden regarding the failure to call the

two witnesses because neither appeared to testify at the hearing.[3] Additionally, while in his brief Miller asserts that plea counsel failed to object or move to suppress evidence seized from the vehicle or seek "to obtain potentially exculpatory dash cam video," he fails to develop how the failure to seek either prejudiced him. Miller's Brief at 11. Regarding Miller's claim that plea counsel had a potential conflict of interest, the PCRA court credited plea counsel's testimony which explained why no conflict existed. **See** N.T., 3/26/24, at 71 (denying Miller's PCRA petition, "based upon what the Court deems to be the credible evidence before it at hearing held today").

In his third and final issue, Miller argues that plea counsel was ineffective "as related to his plea and sentence, resulting in actual prejudice to [him]." With respect to claims that plea counsel was ineffective, we note:

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> > The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that

---

[3] At the PCRA hearing, plea counsel testified that she did speak with Ms. Hadvance, who stated she could not remember anything about the gun incident. Plea counsel also stated that she had trouble contacting other witnesses whose names were given to her by Miller. **See** . N.T., 3/26/19 at 51-52.

> counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*)[.]

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012–13 (Pa. Super. 2016) (some citations omitted). Notably, a PCRA petitioner cannot assert grounds for withdrawing a guilty plea that contradict his statements made under oath in a guilty plea colloquy. *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citing *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007)).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

- 10 -

Miller's argument in support of this claim mirrors the manner in which he argued his first issue, in that Miller understood one agreement that was never memorialized and he cannot prove existed. According to Miller, he understood that his guilty plea would include an agreed upon concurrent sentence for his guilty pleas at both of the above dockets, and that this aggregate would be concurrent to any back time he would receive for his parole violation. He then argues that plea counsel was ineffective for failing to memorialize this specific term, or, in the alternative, for failing to adequately explain to him that his aggregate sentence at these dockets would run consecutive to the time required to be served as a result of his parole violation.

As shown by the following exchange, the PCRA court had no basis to conclude that a concurrent parole sentence was part of the terms of Miller's guilty plea:

> **THE COURT:** Can I just ask too, there seems to be some assertion by [Miller] and his witnesses that part of the plea agreement was that his sentences were to run concurrent with his parole violation. Is there any evidence in the record to show that?
>
> Because in looking at the plea agreement as well as the written plea agreements, it's nowhere to be found. On the plea agreement that was placed of record per the transcript of the October 24th guilty plea, there is nowhere in there where it is placed on the record.
>
> **[PCRA COUNSEL]:** Your Honor, I believe, it's [Miller's] position that that's how it was explained to him by [plea counsel], that the guilty plea agreement stated that all sentences would run concurrent, which [to Miller] meant including the parole hit.

- 11 -

THE COURT: But, I guess, that's not what it says. And [Miller] signed the document. That's why I'm asking. Is there some evidence your pointing [to] that shows that was part of the agreement that was being entered into, or is [Miller] asserting that was based on some off-the-record conversation with [plea counsel]? I just don't understand your argument on that point, because there's nothing of record, or no evidence that I see on the record to indicate that.

[PCRA COUNSEL]: Your Honor, so it would definitely be based on an off-the-record conversation between him and [plea counsel], and [Miller] is also representing to me that the final Court Order issued by Your Honor, the sentence said it would run concurrent to all sentences.

THE COURT: That's different from what I ordered. My Order is different than what is a binding plea agreement that is the agreement between the parties.

[PCRA COUNSEL]: I understand, Your Honor.

N.T., 3/26/19, at 70-71.

Our review of the record supports the PCRA court's conclusion that a concurrent parole sentence was not a part of Miller's plea agreement.[4] As noted by the PCRA court, Miller signed the plea agreement that did not include this term. Indeed, the only sentencing promise included in the written plea agreement was that the aggregate 48 to 96 sentence at both dockets would run concurrently. Moreover, Miller never asked plea counsel directly at the

---

[4] For this reason, we reject the Commonwealth's assertion that "the record indicates that all of the parties seemed to intend that [Miller] would receive an aggregate sentence of 48-96 months to be concurrent to a state sentence he was then serving." Commonwealth's Brief at 18. While we appreciate the Commonwealth's candor regarding this issue, the cases it cites involved an actual breach of the plea agreement. *See id.* at 10 (citing *Commonwealth v. Gillins*, 302 A.3d 154 (Pa. Super. 2023) and *Commonwealth v. Coleman*, 320 A.3d 1217 (Pa. Super. 2024).

- 12 -

evidentiary hearing if concurrent parole was a binding part of the plea agreement.[5] Thus, his self-serving statements to the contrary afford him no relief, and his third issue fails.

Nonetheless, we note that the sentencing order in this case violates Section 6138(a)(5)(i) of the Prisons and Parole Code. That section provides that the parole violation sentence must precede any sentence for a new crime in cases like this:

> (5) If a new sentence is imposed on the [parolee], the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. 6138(a)(5)(i). In **Commonwealth v. Kelley**, 136 A.3d at 1013-14, this Court explained that "[i]mposition of a new state sentence concurrent with the parolee's new sentence is an illegal sentence under [Section 6138]."

Here, the trial court's October 24, 2017 sentencing order does state that the new sentence it imposed was to run "concurrent w/each other and any other cases." Order, 10/24/17, at 1. In essence, despite no plea

---

[5] On direct examination by the Commonwealth, plea counsel stated, "it wasn't up to me or any promises that we made whether the [parole violation] would run concurrent." N.T., 33/26/19. While on cross-examination plea counsel admitted that she told Miller that his sentence "could run concurrent with the parole violations," this does not change the fact that the concurrent parole sentence was not part of the plea bargain between the parties. As discussed below, we remand to correct Miller's sentencing order.

agreement to run the sentences concurrent, the trial court "tethered" Miller's aggregate 48 to 96 month sentence on his new crimes "to the sentence under which he was then on parole." ***Commonwealth v. Coley***, 303 A.3d 773 at *4 (Pa. Super., July 25, 2023)(non-precedential decision). In doing so, the trial court imposed an illegal sentence, as that violates Section 6138, ***supra***. Thus, notwithstanding the fact that we are affirming the PCRA court's dismissal of his PCRA petition, Miller's "judgment of sentence must be vacated and this matter remanded to allow for the correction of the [October 24, 2017] sentencing order." ***Id.*** at *5.

Order affirmed. Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/25/2025